UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
TARA WILLIAMS, *on behalf of herself and all others*                    :
*similarly situated*,                                                   :
                                                                        :
                                Plaintiff,                              :    21-CV-9998 (JMF)
                                                                        :
                -v-                                                     :    MEMORANDUM OPINION
                                                                        :    AND ORDER
BRISTOL-MYERS SQUIBB COMPANY et al.,                                    :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this putative class action, Plaintiff Tara Williams sues Defendant Bristol-Myers Squibb Company ("BMS") and several of its directors and officers, alleging that the Registration Statement they filed in connection with certain Contingent Value Rights ("CVRs") was false and misleading, in violation of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77a *et seq*. *See* ECF No. 1-2 ("Compl."). Williams initiated the case in New York state court, but BMS timely removed it to this Court, asserting federal subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) *et seq*. *See* ECF No. 1 ("Notice of Removal"), ¶¶ 16-26. Williams now moves, pursuant to 28 U.S.C. § 1447(c), to remand the case back to state court, arguing that BMS removed the case in violation of 15 U.S.C. §77v(a), the 1933 Act's "removal ban," which generally prohibits removal of cases, such as this one, "arising under" the Act. *See* ECF No. 21-1 ("Pl.'s Mem."), at 1; *see also Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1075 (2018) ("[F]ederal-law suits like this one — alleging only 1933 Act claims — are . . . subject to the 1933 Act's removal ban." (emphasis omitted)).

The parties spill considerable ink on who bears the burden on this motion and whether or when a later statute (here, CAFA) can override an earlier one (here, the 1933 Act). *Compare* Pl.'s Mem. 5-14, *with* ECF No. 22 ("Defs.' Opp'n), at 8-15. But these disputes are irrelevant for the simple reason that the premise of all Defendants' arguments — that CAFA provided for removal — is wrong. Sure, the case meets the requirements of Section 1332(d)(2), which provides for removal of certain class actions. But another provision of CAFA provides that Section 1332(d)(2) "shall not apply to any class action that solely involves a claim . . . concerning a covered security as defined under [section] 16(f)(3) of the Securities Act of 1933 and section 28(f)(5)(E) of the Securities Exchange Act of 1934." 28 U.S.C. § 1332(d)(9)(A) (citations omitted). Section 16(f)(3) of the 1933 Act defines a "covered security" to mean (with one exception not relevant here) "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." 15 U.S.C. § 78bb(f)(5)(E). And Section 18(b), in turn, defines a covered security to mean "a security designated as qualified for trading in the national market . . . that is listed, or authorized for listing, on a national securities exchange." *Id*. § 77r(b); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 & n.9 (2006) ("A 'covered security' is one traded nationally and listed on a regulated national exchange."). The CVRs at issue here plainly fall within the scope of this definition, as they were traded publicly on the New York Stock Exchange. *See* Pl.'s Mem. 14; Compl. ¶ 10. It follows that the "covered security" exception applies and that Defendants cannot claim federal jurisdiction under CAFA. *See, e.g.*, *Vanbecelaere v. YayYo, Inc.*, No. 20-CV-7997, 2020 WL 5362696 (C.D. Cal. Sept. 8, 2020)

(finding that because the removed class actions "assert only 1933 Act claims concerning covered securities, neither action is removable under CAFA").[1]

Defendants do not, and cannot, dispute that this case falls squarely within the plain language of CAFA's "covered security" exception.  Nor do they cite a single case in which a defendant has successfully removed a class action that, like this one, solely involves claims regarding a covered security under the 1933 Act — a failure that is all the more notable given that class actions alleging 1933 Act claims are regularly brought in state courts.  *See, e.g.*, *St. John v. Cloopen Grp. Holding Ltd.*, 171 N.Y.S.3d 893 (Table) (N.Y. Sup. Ct. Aug. 10, 2022); *Erie Cnty. Emps.' Ret. Sys. v. NN, Inc.*, 170 N.Y.S.3d 15 (1st Dep't May 31, 2022); *City of Warwick Mun. Emps. Pension Fund v. Rest. Brands Int'l Inc.*, 166 N.Y.S.3d 510 (Table) (N.Y. Sup. Ct. May 2, 2022).  Instead, Defendants rely primarily on the legislative history and purported purpose of CAFA to argue that Congress did not actually intend to carve out *all* claims concerning covered securities, but only claims concerning covered securities *brought under state law*.  *See* Defs.' Opp'n 16-21.  But, as the Supreme Court and Second Circuit have repeatedly emphasized, "a court may engage with legislative history *only* when the plain meaning of a provision is ambiguous." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 422 (2d Cir. 2022) (emphasis added); *see also Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1749 (2020) ("This Court has explained many times over many years that, when the meaning of the statute's terms is plain, our job is at an end.").  Where, as here, "the statutory language is unambiguous, any reliance on

---

[1]   CAFA contains another potentially pertinent exception, for "any class action that solely involves a claim . . . that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 and the regulations issued thereunder)."  28 U.S.C. § 1332(d)(9)(C) (citation omitted).  Given its conclusion that the "covered security" exception applies, the Court need not and does not address the question of whether this exception applies as well.

legislative history to reach a contrary result is precluded." *Springfield Hosp.*, 28 F.4th at 422; *accord Bostock*, 140 S. Ct. at 1749 ("Legislative history, for those who take it into account, is meant to clear up ambiguity, not create it." (internal quotation marks omitted)); *Novak v. Kasaks*, 216 F.3d 300, 310 (2d Cir. 2000) ("Only if the text of the statute is not unambiguous do we turn for guidance to legislative history and the purposes of the statute."). Thus, Defendants' reliance on legislative history and purpose is misplaced.

In any event, the legislative history Defendants cite is not the silver bullet they believe it to be. Defendants assert that the Senate Report with respect to CAFA reveals that the covered securities exception was "meant to apply to 'securities class actions covered by [the] Securities Litigation Reform Act,' that is, *state law* securities class actions for a 'precipitous drop in the value of its stock, based on fraud.'" Defs.' Opp'n 16 (quoting S. Rep. No. 109-14, at 29, 50 (2005)) (emphasis added). But the key words "state law" appear nowhere in the legislative history (let alone the statute). Moreover, in explaining the purpose of the covered securities exception, the Senate Report states that, "[b]ecause Congress has previously enacted legislation governing the adjudication of these claims, it is the Committee's intent not to disturb the carefully crafted framework for litigating in this context." S. Rep. No. 109-14, at 50 (footnote omitted). It is true that a footnote to that sentence in the Senate Report cites the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Pub. L. 104-67, and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, *see* S. Rep. No. 109-14, at 50 n.137. But Congress passed each of those laws to build upon, and plug holes in, the framework established by the 1933 Act and the Securities Exchange Act of 1934. *See, e.g.*, *Cyan*, 138 S. Ct. at 1066-67 (explaining that "Congress passed the [PSLRA] principally to stem 'perceived abuses of the class-action vehicle in litigation involving nationally traded securities,'"

4

and passed SLUSA "[t]o prevent plaintiffs from circumventing the [PSLRA]"); *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 111 (2d Cir. 2001) (considering "the larger statutory context in which SLUSA resides, including [the] PSLRA . . . , the Securities Act of 1933, [and] the Securities Exchange Act of 1934"). In other words, the 1933 Act is not merely a part of the "crafted framework for litigating in this context." S. Rep. No. 109-14, at 50. It is the very foundation on which that framework is built.

Nor do the cases cited by Defendants provide any reason to deviate from the plain language of CAFA's "covered security" exception. Defendants cite *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008), in which the Second Circuit observed that the "covered security" exception "carves out class actions for which jurisdiction exists elsewhere under federal law, such as under [SLUSA], *i.e.*, state-law fraud claims in connection with the purchase or sale of securities traded on a national stock exchange." *Id.* at 30; *see* Defs.' Opp'n 16, 18. But that observation is dicta and, in any event, cannot be read to hold that the exception is limited to SLUSA class actions, as the Court's own language ("such as") makes plain that SLUSA is merely cited as an example.[2] Meanwhile, the other cases cited by Defendants are easily distinguished because they either did not involve "covered securities" within the meaning of the statutory language, *see Katz v. Geradi*, 552 F.3d 558, 563 (7th Cir. 2009) (concluding that the exception did not apply because the "[u]nits" at issue were not "trade[d] on a national securities exchange, . . . senior to a traded security, or . . . issued by registered investment company");

---

[2]   At least two district courts have relied on *Cardarelli* to suggest that the "covered security" exception "could . . . be interpreted to apply only to the state law fraud claims which were the subject of SLUSA." *Owen v. Elastos Found.*, 438 F. Supp. 3d 187, 193 n.4 (S.D.N.Y. 2020); *accord Pinchasov v. Robinhood Fin., LLC*, No. 20-CV-24897, 2021 WL 4991104, at *3 (S.D. Fla. Feb. 17, 2021). But neither court had occasion to decide the issue. Had they done so despite the plain language of the statute, the Court would decline to follow them.

*Luther v. Countrywide Home Loans Servicing, LP*, No. 07-CV-8165, 2008 WL 11339604, at *2 (C.D. Cal. Feb. 28, 2008) (noting that "the claims do not involve a 'covered security'"), *aff'd*, 533 F.3d 1031 (9th Cir. 2008); *New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4*, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008) (noting that the case, based on claims related to certain mortgage-backed securities not traded or listed on any national exchange, "does not involve 'covered securities'"); *Owen*, 438 F. Supp. 3d at 187 (considering claims based on "unregistered securities in the form of Elastos Foundation cryptocurrency tokens," which are not covered securities), or they did not "*solely* involve[]" claims concerning a covered security, 28 U.S.C. § 1332(d)(9) (emphasis added); *see, e.g.*, *Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952, 958 (N.D. Cal. 2018) ("Here, plaintiff alleges claims under both California law and the Securities Act [of 1933]."). *See generally YayYo, Inc.*, 2020 WL 5362696, at *3 (distinguishing these cases on the same grounds).

In short, by its terms, CAFA does not provide for subject-matter jurisdiction over this case. As that was the sole basis on which Defendants removed the case to this Court, *see* Notice of Removal 1, it follows that the case must be and is remanded back to the state court from whence it came.[3] The Clerk of Court is directed to remand this case back to New York Supreme Court, to terminate ECF No. 21, and to close the case on this Court's docket.

SO ORDERED.

Dated: September 19, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3]   Although 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," Williams does not seek fees or costs in her motion.